**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THEODORE M. COOK,
　　　　　　　*Plaintiff-Appellant,*

　　　　　v.

THOMAS H. JAMES, Officer; THE
MORGAN STATE POLICE DEPARTMENT,
　　　　　　　*Defendants-Appellees.*

No. 03-2391

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William D. Quarles, Jr., District Judge.
(CA-03-1040-WDQ)

Submitted: March 31, 2004

Decided: June 9, 2004

Before WIDENER, LUTTIG, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theodore M. Cook, Appellant Pro Se. Mark Jason Davis, Assistant
Attorney General, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Theodore M. Cook appeals the district court's order granting the Defendants' motion to dismiss his complaint, which was properly construed as arising under 42 U.S.C. § 1983 (2000). We find the district court improperly granted the Defendants' motion to dismiss "as unopposed." Cook filed a "Motion For Appointment Of Counsel/Move For a Bench Trial," in which he clearly argued against the Defendants' motion to dismiss. Thus, although Cook did not caption his pleading as a brief in opposition to the Defendants' motion to dismiss, it should have been construed as such by the district court. For the following reasons, however, we find the district court's grant of the Defendants' motion to dismiss was appropriate on alternate grounds.

The Defendants' motion to dismiss was premised upon a failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). We review a district court's grant of a motion to dismiss pursuant to both Rule 12(b)(6) and Rule 12(b)(1) de novo. *Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769, 772 (4th Cir. 2003) (with regard to 12(b)(6)); *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (with regard to 12(b)(1)).

The relevant facts, viewed in the light most favorable to Cook, can be summarized as follows. After Cook and a classmate obtained information regarding the location of the classmate's towed vehicle, they proceeded to the lower level of a parking garage on the campus of Morgan State University, where Cook's vehicle was located. Upon seeing Defendant James, Cook's classmate inquired why other vehicles that had been ticketed were not towed. Defendant James cursed at them and told them to leave. After entering Cook's vehicle, Cook and the classmate noticed Defendant James's partner, Lou Lou Williams, standing approximately fifteen feet in front of them. Cook also noticed Defendant James was issuing parking citations on the lower level of the parking garage. As Cook and the classmate proceeded to exit the garage, "all of a sudden five to seven Morgan State University Police vehicles converged on [his] vehicle and proceeded to remove

[him] 'forcefully.'" Officer Jake Harrison "forcefully" handcuffed Cook while pressing him against the police vehicle and waited for Defendant James to finish issuing parking citations. Cook was detained "well over three minutes" before Defendant James arrived at the location where he was handcuffed. When Officer Harrison asked Defendant James what happened, James replied "he has a slick mouth." Officer Harrison responded, "No, that's not what I'm asking you, did he hit you!" The Defendant paused for a moment and glanced around at his fellow officers before responding, "Yes, he assaulted me!" Cook was thereupon processed and incarcerated on the charge of second-degree assault.

In order to sustain a § 1983 claim, a plaintiff must prove that he or she was deprived of a constitutional right by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). It is well-settled that Cook also must establish that Defendant James was personally involved in the deprivation of his constitutional rights in order to sustain a claim under § 1983. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

In a dissenting opinion, Judge Phillips has observed that § 1983 allows the imposition of liability upon actors more remote than those who actually inflict the ultimate constitutional injury, where their own conduct can be said to have played a significant role in "causing" that injury.* *Wilkes v. Young*, 28 F.3d 1362, 1376 (4th Cir. 1994), (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978). We conclude Defendant James should be considered such a remote actor because his alleged statement to Officer Harrison that Cook assaulted him led directly to Cook's arrest, the act Cook asserts violated his constitutional rights. Nonetheless, we find because Cook claims this action constituted a violation of his Fourteenth Amendment right to equal protection, he fails to state a claim pursuant to Rule 12(b)(6). "To succeed on an equal protection claim, a plaintiff must . . . demonstrate that he has been treated differently from others

---

*The majority opinion in *Wilkes v. Young* did not reach the question regarding the scope of § 1983 liability. Thus, Judge Phillips's view that individuals, other than the individual who directly inflicted the constitutional injury, can be held liable under § 1983, was not addressed by the majority.

with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). We find Cook failed to state a valid equal protection claim because he did not assert he was treated differently from others with whom he was similarly situated. For the foregoing reasons, we conclude Cook fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

Cook also filed suit against the Morgan State Police Department ("MSPD"), apparently seeking to hold it liable under a theory of respondeat superior. It is well-settled that respondeat superior generally is inapplicable to § 1983 lawsuits. *Monell*, 436 U.S. at 694. However, because Cook cannot state a claim against Defendant James, it is unnecessary to consider whether the MSPD may be held liable under such a theory.

Finally, we find that because the dismissal of Cook's § 1983 action was proper, the district court correctly exercised its discretion to decline to confer supplemental jurisdiction over Cook's state law claims. Pursuant to 28 U.S.C. § 1367(c)(3) (2000), a district court may decline to exercise supplemental jurisdiction when, as here, all of the claims over which it has original jurisdiction have been dismissed.

Based on the foregoing reasons, we conclude the district court's dismissal of Cook's complaint was proper, although on alternate grounds. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*